```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION
```

TAMATRICA BONTON and DEANNA MILLER,
Each Individually and on Behalf of
All Others Similarly Situated,                      PLAINTIFFS


     v.            CASE NO. 6:14-CV-6074


CENTERFOLD ENTERTAINMENT CLUB, INC.; and
JESSIE ORRELL, Individually and as Officer
and/or Director of Centerfold Entertainment
Club, Inc.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs' Motion for Rule 23 Class Certification and supporting Brief (Docs. 18-19), Defendants' Response and supporting Brief (Docs. 21-22), and Plaintiffs' Reply (Doc. 25). For the reasons stated below, Plaintiffs' Motion (Doc. 18) is **GRANTED.**

## I.  Background

Plaintiffs, individually and on behalf of all others similarly situated, filed an Amended Complaint (Doc. 17)[1] alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, A.C.A. §§ 11-4-201 *et seq.* (the "AMWA"). Plaintiffs allege that they were exotic dancers who worked at the adult entertainment

---

[1] The purpose of the amendment of the complaint was to add Plaintiff Deanna Miller as a party.

club operated by Defendant Centerfold Entertainment Club, Inc., in Hot Springs, Arkansas within the three years prior to the filing of the Complaint. Plaintiffs claim Defendants intentionally misclassified them as independent contractors in order to avoid paying them minimum and overtime wages as required by the FLSA and the AMWA. Plaintiffs further claim Defendants violated the law by forcing them to pay for the right to work and taking improper deductions from their tips.

## II. Discussion

### A. Rule 23(a)

Plaintiff asks the Court to certify a liability class under Rule 23 of the Federal Rules of Civil Procedure consisting of:

> All individuals who danced for tips at Defendants' business located at 1396 East Grand Avenue, Hot Springs, Arkansas, in any work week any time after June 3, 2011.

Plaintiffs contend that the class definition creates an objectively identifiable class, that the Rule 23(a) prerequisites for certification of a class are satisfied, and that the Rule 23(b)(3) requirements for maintenance of a class are satisfied.

In order to obtain class certification, Plaintiffs must meet all four prerequisites of Federal Rule of Civil Procedure 23(a), which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

The party seeking certification of a class bears the burden of showing that the class should be certified and that Rule 23's requirements are met. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). The Court is afforded broad discretion to decide whether certification is appropriate. *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013). In considering a motion for class certification, a district court "must undertake a 'rigorous analysis' to ensure that the requirements of Rule 23(a) are met." *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

### 1. Numerosity

The first prerequisite of Rule 23(a) is commonly referred to as the numerosity requirement. "No arbitrary rules on the size of classes have been established by the courts and the question of what constitutes impracticability depends upon the facts of each case." *Boyd v. Ozark Air Lines*, 568 F.2d 50, 54

(8th Cir. 1977). In addition to the size of the class, a court may also consider the nature of the action, the size of individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all putative class members. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 560 (8th Cir. 1982). In the instant case, Plaintiffs contend that joinder of all members of the class is impracticable based upon the number of class members and also upon the possible reluctance of current employees to join in the lawsuit. Plaintiffs cite Eighth Circuit and other case law in which courts have recognized that potential class members still employed by the defendant may be reluctant to bring suit individually or opt in to a collective action for fear of retaliation. *See Ark. Educ. Assoc. v. Bd. of Educ.*, 446 F.2d 763 (8th Cir. 1971); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620 (5th Cir. 1999); *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270 (10th Cir. 1977). Plaintiffs also point to the difficulty experienced in identifying and locating all members of the proposed class as another factor showing joinder to be impracticable and therefore weighing in favor of class certification.

Defendants argue that Plaintiffs' position regarding numerosity of the class is vague and based on speculation. In their Amended Complaint, Plaintiffs indeed state that they "do

not know the exact number of potential class members." (Doc. 17, p. 8). Plaintiffs also point out, however, that a list of dancers provided by Defendants contains 34 names and that the list appears to be incomplete. While the exact size of the potential class remains unclear, the record shows that it is large enough to warrant certification. Especially in light of the additional factors cited by Plaintiffs showing the impracticability of joinder, the Court finds that this prerequisite is met.

### 2. Commonality

The second prerequisite of Rule 23(a) is generally referred to as the commonality requirement. The commonality standard requires "a common issue the resolution of which will advance the litigation." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). It is not required that every question of law or fact be common to every member of the class. *Paxton*, 688 F.2d at 561. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Falcon*, 457 U.S. at 157).

There are several issues of law and fact common to the members of the proposed class, such as whether an employer-employee relationship existed between the proposed class members and Defendants, whether Defendants are covered employers under

the AMWA, and whether Defendants violated the minimum wage and overtime provisions of the AMWA by the policies and practices they adopted with regard to the dancers who performed at the club. All members of the proposed class have allegedly suffered the same injury. The Court finds that the commonality prerequisite is also met.

### 3. Typicality

The third prerequisite of Rule 23(a) is commonly called the typicality requirement. In order for this prerequisite to be met, the claims of the representative parties must be typical of the claims of the proposed class. Typicality requires a showing "'that there are other members of the class who have the same or similar grievances as the plaintiff.'" *Chaffin v. Rheem Mfg. Co.*, 904 F.2d 1269, 1275 (8th Cir. 1990) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). "This requirement is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-62.

The evidence before the Court tends to show that Plaintiffs and the members of the proposed class were similarly affected by the practices and policies of Defendants. Therefore, Plaintiffs and the proposed class members would share any claims for statutory violations that may have resulted from those practices

and policies. The Court accordingly finds that the typicality prerequisite is met.

### 4. Adequacy of Representation

The fourth and final prerequisite under Rule 23(a) is that the representative parties must fairly and adequately represent the proposed class. The focus of this requirement is whether "(1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562-63.

In this case, Plaintiffs' interests appear to align with those of the proposed class and no conflicting interests have been suggested. Furthermore, Plaintiffs have retained qualified counsel to prosecute this case on their behalf. The Court finds that this prerequisite has been met.

The Court further finds that Plaintiffs' counsel may properly be appointed as class counsel pursuant to Rule 23(g). Plaintiffs' counsel has demonstrated a thorough knowledge of the applicable law and has significant experience in prosecuting collective and class actions similar to the instant case. Plaintiffs' counsel has further indicated commitment to devote the necessary resources to represent the class.

**B. Rule 23(b)**

In order for a class action to be maintained, the requirements of Rule 23(b) must also be met. Plaintiffs contend that the Court may certify a class in the instant case based upon Rule 23(b)(3), which provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Defendants failed to offer any counter-argument in their briefing on this point.

**1. Predominance**

According to the Supreme Court, "[t]he Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "In order to 'predominate,' common issues must constitute a significant part of the individual cases." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). "At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all plaintiffs may be established with common evidence." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010).

As discussed above, the questions of law and fact common to the class in the instant case include whether an employer-employee relationship existed between Defendants and the class members, whether Defendants are covered employers under the AMWA, and whether Defendants had a policy or practice of not paying minimum wage to dancers who performed at the club. These questions are key to each individual class member's claims and may be answered through the presentation of common evidence. The Court finds that these common questions predominate over any questions affecting only individual members.

**2. Superiority**

Rule 23(b)(3) contains four relevant factors to be considered when deciding whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Plaintiffs contend that these factors all weigh in favor of class certification. As to the first two factors, Plaintiffs' attorneys assert that they are unaware of any other class

members who are interested in controlling the prosecution of separate actions or of any other lawsuits pending in any other court regarding the claims at issue here.  No contrary argument or evidence on these points has been presented to the Court, and the Court is persuaded that these factors weigh in favor of certification.

As to the third factor, Plaintiffs assert that this forum is a desirable one for prosecution of the claims at issue because the proposed class consists entirely of individuals who danced at Defendants' club in Hot Springs, Arkansas.  The Court is persuaded that this factor also weighs in favor of class certification.

As to the fourth factor, Plaintiffs contend that this case presents few if any difficulties in managing a class action.  The fact that Plaintiffs are seeking only certification of a liability class further reduces any potential complexity in this case.  The Court does not foresee any notable difficulties that would arise from certification of the proposed class.  Based upon the circumstances of this case, the Court finds the class action device to be superior to other available methods for fairly and efficiently adjudicating this controversy.

**III. Conclusion**

For the reasons stated above, Plaintiffs' Motion for Rule 23 Class Certification (Doc. 18) is **GRANTED.**  The Court

certifies under Federal Rule of Civil Procedure 23(b)(3) a class consisting of all individuals who danced for tips at Defendants' business located at 1396 East Grand Avenue, Hot Springs, Arkansas, in any work week any time after June 3, 2011. Plaintiffs' counsel, Josh Sanford and Sanford Law Firm, PLLC, are appointed as class counsel for this action pursuant to Federal Rule of Civil Procedure 23(g).

    IT IS SO ORDERED this 19th day of May, 2015.

                                                           /s/ Robert T. Dawson_____
                                                           Honorable Robert T. Dawson
                                                           United States District Judge